# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No.

WEST COAST LIFE INSURANCE COMPANY, a Nebraska corporation,

     Plaintiff,

vs.

MARTHA HOAR, as the personal representative of THE ESTATE OF STEPHEN M.
BUTTS, TELLURIDE PROPERTIES, LLC, a Colorado limited liability company,
TELLURIDE PROPERTIES, INC., a Colorado corporation,
ALBERT D. ROER, an individual, and
POLLY LYCHEE, an individual,

     Defendants.

---

## COMPLAINT

---

Plaintiff West Coast Life Insurance Company ("West Coast"), by its attorneys

Holland & Hart LLP, states as follows for its Complaint against defendants Martha Hoar,

as the personal representative of The Estate of Stephen M. Butts, Telluride Properties,

LLC, Telluride Properties, Inc., Albert D. Roer, and Polly Lychee:

### PARTIES

1.     West Coast is a corporation organized and operating under the laws of

Nebraska with its principal place of business in San Francisco, California.

2.     On information and belief, Stephen M. Butts was a resident of San Miguel

County and a citizen of Colorado. The Estate of Stephen M. Butts is currently involved

in a probate action numbered 05PR3 pending in San Miguel County, Colorado.

3.    On information and belief, Martha Hoar is the personal representative of The Estate of Stephen M. Butts.

4.    On information and belief, Telluride Properties, LLC, is a limited liability company organized under the laws of Colorado, with its principal place of business in Telluride, Colorado.

5.    On information and belief, Telluride Properties, Inc. is a corporation organized under the laws of Colorado, with its principal place of business in Telluride, Colorado.

6.    On information and belief, Albert D. Roer ("Roer") and Polly Lychee ("Lychee") are citizens of Colorado residing in San Miguel County, Colorado.

## JURISDICTION AND VENUE

7.    This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332. West Coast is a Nebraska corporation with its principal place of business in San Francisco, California. All of the defendants are citizens of Colorado. The amount in controversy in this action exceeds $75,000.

8.    Pursuant to Colo. Rev. Stat. §13-1-124, this Court has *in personam* jurisdiction over Defendants because Defendants are citizens and residents of Colorado and conduct business within the state. Additionally, the life insurance policy that is the subject of this action was issued in the State of Colorado.

9.    Venue is proper pursuant to 28 U.S.C. §§ 1391(a)(1) and (2) because all defendants are citizens and residents of Colorado and a substantial part of the events giving rise to this claim occurred within the state.

## GENERAL ALLEGATIONS

10.    West Coast is a company properly licensed in the State of Colorado to underwrite and sell life insurance policies.

11.    Upon information and belief, Stephen M. Butts, together with Defendants Roer and Lychee, owned Telluride Properties, LLC.

12.    On or about August 29, 2004, Stephen M. Butts completed an application for life insurance in the amount of $3,000,000.  The application was signed by Mr. Butts declaring that all information on the application was full, complete and true to the best of his knowledge.

13.    Mr. Butts submitted the signed application to West Coast on or about October 1, 2004.

14.    Question 5 of the application reads as follows:

HAS PROPOSED INSURED:

5.    Engaged in auto, motorcycle or boat racing, parachuting, skin or scuba/diving, skydiving or hand gliding or other hazardous avocation or hobby?

15.    Mr. Butts answered Question 5 in the negative.  *See* Application attached as Exhibit A.

16.    In reliance on the information provided in the application for life insurance by Mr. Butts, West Coast issued policy number Z03040759, with a face amount of $3,000,000 insuring the life of Stephen M. Butts.  *See* Policy attached as Exhibit B.

17.    The owner of the policy was Telluride Properties, LLC.

18.     On information and belief, the policy was purchased by Telluride Properties, LLC, to finance a by-sell agreement it had executed with Telluride Properties Inc., in the event of Mr. Butts' death.

19.     On January 18, 2005, Mr. Butts was killed in an avalanche while participating in a helicopter-skiing ("heli-skiing") trip in British Columbia, Canada.

20.     West Coast received timely notice of the claim and commenced its investigation.

21.     West Coast's investigation revealed that prior to his January, 2005 trip, Mr. Butts had previously engaged in yearly 6-day heli-skiing trips to British Columbia every January commencing in 1999.

22.     The operator of each of Mr. Butts' yearly heli-skiing excursions was Selkirk Tangiers Helicopter Skiing Ltd. ("Selkirk").

23.     Prior to each excursion, Selkirk required Mr. Butts to execute a release of liability form.

24.     Selkirk's release of liability form classified the heli-skiing trip as "wilderness skiing" and required the participants to acknowledge:

> I am aware that wilderness skiing involves risks, dangers and hazards in addition to those normally associated with downhill skiing. Avalanches occur frequently in the alpine terrain used for wilderness skiing and may be caused by natural forces or skiers....
>
> I am aware of the risks, dangers and hazards associated with wilderness skiing and I freely accept and fully assume all such risks, dangers and hazards and possibility of personal injury, death, property damage or loss resulting therefrom.

25.    Mr. Butts executed seven (7) release of liability forms from 1999-2005, acknowledging the high frequency of avalanches and the resulting risk of death associated with "wilderness skiing." *See* Release of Liability Forms attached as Exhibit C.

26.    At the time Mr. Butts completed the application for life insurance, he was aware that "wilderness skiing" involved higher risks, dangers and hazards than those associated with downhill skiing.

27.    At the time Mr. Butts completed the application for life insurance, he was aware that "wilderness skiing" involved a high frequency of avalanches that could be caused by the heli-skiing activity itself.

28.    At the time Mr. Butts completed the application for life insurance, he was aware that the higher risks, dangers and hazards associated with "wilderness skiing" could result in death.

29.    The call of question 5 in the application for life insurance clearly and unambiguously requested that Mr. Butts disclose any participation in hazardous avocations or hobbies.

30.    Under the circumstances, a reasonable person would understand that question 5 of the application for life insurance would call for the disclosure of "wilderness skiing."

31.    Mr. Butts is reasonably chargeable with the knowledge that question 5 on the application for life insurance required that he disclose his "wilderness skiing" activities.

## FIRST CLAIM FOR RELIEF
### (Rescission)

32.    West Coast incorporates paragraphs 1 through 31 as if fully restated here.

33.    Mr. Butts omitted or concealed a material fact on his application for life insurance.

34.    Mr. Butts knowingly omitted or concealed that he participated in "wilderness skiing."

35.    West Coast's acceptance of the risk was materially affected by Mr. Butts' omission or concealment of this material fact.

36.    West Coast did not possess nor is reasonably chargeable with knowledge of Mr. Butts' omission or concealment of fact.

37.    West Coast relied, to its detriment, on the application submitted by Mr. Butts.  Mr. Butts' omission or concealment of his "wilderness skiing" activity detrimentally affected West Coast's acceptance of the risk.

38.    Based on Mr. Butts' material misrepresentation on his application for life insurance, West Coast is entitled to an order from this Court rescinding policy Z03040759.

## SECOND CLAIM FOR RELIEF
### (Declaratory Judgment)

39.    West Coast incorporates paragraphs 1 through 38 as if fully restated here.

40.    An actual controversy exists between West Coast and the Defendants as to whether any benefits are payable under the policy.

41.    Pursuant to Fed. R. Civ. P. 57 and the Declaratory Judgment Act, 28 U.S.C. § 2201, West Coast is entitled to a declaratory judgment.

42.    Specifically, West Coast seeks a determination from this Court, that Stephen M. Butts' concealment or omission of facts in his application for life insurance constitutes a material misrepresentation voiding the policy *ab initio*.

43.    A judgment or decree would terminate the controversy between the parties.

44.    West Coast prays for a judgment declaring that policy Z03040759 is void *ab initio* and, therefore, that West Coast is not liable for payment of proceeds to any Defendants.

**WHEREFORE**, West Coast prays for judgment in its favor and against Defendants as follows:

A.    Declaring that policy Z03040759 is void *ab initio*.

B.    Declaring that West Coast is not liable for payment of policy proceeds to any Defendants.

C.    Awarding West Coast its costs, expert witness fees, attorneys' fees, interest, and such other and further relief as this Court deems just and proper.

Dated this 12th day of September, 2005.

Respectfully submitted,

Lee F. Johnston
Jose A. Ramirez
HOLLAND & HART LLP
555 Seventeenth Street, Suite 3200
Denver, CO  80202
(303) 295-8000
email: ljohnston@hollandhart.com
        jramirez@hollandhart.com
**D.C. BOX 06**

**ATTORNEYS FOR PLAINTIFF WEST COAST
LIFE INSURANCE COMPANY**

Address of Plaintiff:
343 Sansome Street
San Francisco, CA 94104

3444066_3.DOC