IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-CV-1765-EWN-BNB

WEST COAST LIFE INSURANCE COMPANY, a Nebraska corporation,

      Plaintiff,

vs.

MARTHA HOAR, as the personal representative of THE ESTATE OF STEPHEN M. BUTTS,
TELLURIDE PROPERTIES, LLC, a Colorado limited liability company,
TELLURIDE PROPERTIES, INC., a Colorado corporation,
ALBERT D. ROER, an individual, and
POLLY LYCHEE, an individual,

      Defendants.

---

## DEFENDANTS' ANSWER AND COUNTERCLAIMS

---

Defendants Martha Hoar, as the personal representative of the Estate of Stephen M. Butts, Telluride Properties, LLC, Telluride Properties, Inc., Albert D. Roer and Polly Lychee, by and through their counsel, Isaacson Rosenbaum P.C., for their answer to Plaintiff's Complaint state as follows:

1.     Defendants admit the allegations contained in Paragraphs 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 14, 17, 18, 20, and 22 of Plaintiff's Complaint.

2.     Defendants deny the allegations contained in Paragraphs 16 and 24-44 of Plaintiff's Complaint.

3.     With reference to Paragraph 12 of Plaintiff's Complaint, Defendants admit that on or about August 29, 2004, Stephen M. Butts ("Butts") completed an application for life insurance in the amount of $3 million with West Coast Life Insurance Company ("West Coast"); Defendants admit that Butts answered said application as required to the best of his knowledge and belief; Defendants deny the remaining allegations and legal conclusions therein.

4.     With reference to Paragraph 13 of Plaintiff's Complaint, Defendants admit that Butts signed the West Coast application on or about August 29, 2004, but is without sufficient

1152467_1.doc

information and knowledge concerning the remaining allegations therein, and therefore denies same.

5.    With reference to Paragraph 15 of Plaintiff's Complaint, Defendants admit that Butts answered question 5 in the negative and affirmatively state that said application (Exhibit A) speaks for itself.

6.    With reference to Paragraph 16 of Plaintiff's Complaint, Defendants admit that West Coast issued Life Insurance Policy No. Z03040759 with a face amount of $ 3 million (the "Life Insurance Policy" or the "Policy"), insuring the life of Butts; Defendants deny the remaining allegations contained therein, and state that said Policy (Exhibit B) speaks for itself.

7.    With reference to Paragraph 19 of Plaintiff's Complaint, Defendants admit that Butts was killed in an avalanche while skiing in British Columbia, Canada, on January 18, 2005; Defendants deny the remaining allegations contained therein.

8.    With reference to Paragraph 21 of Plaintiff's Complaint, Defendants are without sufficient information to respond concerning what was revealed by West Coast's investigation and, therefore, denies same.

9.    With reference to Paragraph 23 of Plaintiff's Complaint, Defendants are without sufficient information and knowledge concerning the requirements of Selkirk and, therefore, denies same.

## AFFIRMATIVE DEFENSES

1.    Plaintiff's claims for declaratory judgment are barred by the terms and conditions of the subject Life Insurance Policy issued by West Coast.

2.    Plaintiff's claims for declaratory judgment are barred by the doctrines of waiver and estoppel.

3.    Plaintiff's claims for declaratory judgment are barred by Plaintiff's bad faith and inequitable conduct in the underwriting of this subject Life Insurance Policy.

4.    Plaintiff's claims for declaratory judgment are barred by Plaintiff's bad faith and inequitable conduct in the handling of the claim filed in connection with the subject Life Insurance Policy.

5.    Plaintiff's claims for declaratory judgment are barred by Plaintiff's violation of the Colorado Unfair Claims – Deceptive Practices Act, C.R.S. § 10-3-1101 *et seq.* (2001).

6.    Plaintiff's claims for declaratory judgment are barred by Plaintiff's violation of the Colorado Consumer Protection Act, C.R.S. § 6-1-101 *et seq.* (2001).

7.      Defendants request leave of court to assert additional affirmative defenses, both legal and equitable, following disclosures and discovery.

WHEREFORE, having fully answered Plaintiff's Complaint, Defendants pray that same be dismissed, for costs, attorney's fees as provided by law, and such other and further relief the Court deems just and proper.

## COUNTERCLAIMS

Defendant Telluride Properties, LLC, by and through its counsel, Isaacson Rosenbaum P.C., for its counterclaims against Plaintiff, West Coast Life Insurance Company, states as follows:

## GENERAL ALLEGATIONS

1.  On the 18th day of January, 2005, Stephen M. Butts ("Butts") died while skiing near Revelstoke, British Columbia, Canada.

2.  At the time of his death, Butts was insured pursuant to a Life Insurance Policy issued by West Coast Life Insurance Company  ("West Coast") (Policy No. Z03040759) providing death benefits payable upon the death of the insured, Butts, in the face amount of $3,000,000.

3.  The said Life Insurance Policy was owned by Telluride Properties, LLC, a limited liability company organized under the laws of the State of Colorado, with its principal place of business at 237 S. Oak, PO Box 37, Telluride, Colorado 81435.

4.  A claim on said Life Insurance Policy was promptly reported to West Coast on the 19th day of January, 2005, and, although said claims generally require 8 to 12 weeks to complete, as of 6 months from the date of the claim, West Coast stated that it had not completed its investigation of the claim and had not made a claims determination.

5.  The first notice that Telluride Properties, LLC received of West Coast's denial of said claim, and attempts to nullify the Policy, was on or about September 15, 2005, when it became aware of the commencement of this civil action.

6.  This Court has subject matter jurisdiction over this counterclaim pursuant to 28 U.S.C. § 1332.  Telluride Properties, LLC is a Colorado limited liability company with its principal place of business in the State of Colorado.  West Coast is a Nebraska corporation with its principal place of business in the State of California.  The amount in controversy exceeds $75,000.

7.  Venue in this district is proper pursuant to 28 U.S.C. §§ 1391(a)(1) and (2) because this Defendant/Counterclaimant is a citizen of the State of Colorado and the subject Policy of insurance was issued in the State of Colorado.

1152467_1.doc                                                    3

## FIRST CLAIM FOR RELIEF
### (Breach of Contract of Life Insurance)

8.  Telluride Properties, LLC incorporates herein by reference the allegations set forth in Paragraphs 1-7 above.

9.  The Life Insurance Policy issued by West Coast to Telluride Properties, LLC constitutes a contract of insurance.

10.  West Coast has breached said contract of life insurance by failing to pay death benefits when due.

11.  As a proximate result of West Coast's breach of contract, death benefits in the amount of $3,000,000 plus interest from the date of death of the insured, are due and owing to Telluride Properties, LLC.

## SECOND CLAIM FOR RELIEF
### (Bad Faith, Breach of Insurance Policy)

12.  Telluride Properties, LLC incorporates herein by reference the allegations set forth in Paragraphs 1-11 above.

13.  C.R.S. § 10-1-101 sets forth the public policy in the State of Colorado that requires "…all persons having to do with insurance services to the public to be at all times actuated by good faith in everything pertaining thereto, abstain from deceptive or misleading practices, and keep, observe and practice the principals of law and equity in all matters pertaining to such business."

14.  C.R.S. § 10-3-1101 *et seq.* (the "Colorado Unfair Claims - Deceptive Practices Act") prohibits unfair claims practices in the handling of insurance claims, including claims under life insurance policies issued in the State of Colorado.

15.  West Coast owed a duty of good faith and fair dealing to Telluride Properties, LLC and to the general public pursuant to Colorado law, including the duty to fairly and equitably investigate and promptly pay this claim.

16.  West Coast breached its duty of good faith and fair dealing by denying this claim and purporting to rescind the Policy based upon erroneous grounds, attempting to avoid its contractual obligations, and by otherwise failing to promptly investigate and make a claims determination to pay death benefits pursuant to the terms of the subject Life Insurance Policy and pursuant to Colorado law.

17.  As a proximate result of West Coast's breach of its duty of good faith and fair dealing as required by Colorado law, Telluride Properties, LLC has been deprived of policy benefits and has suffered other damages to be determined at the time of trial.

1152467_1.doc                                                            4

18.  West Coast's breach of its duty of good faith and fair dealing, and breach of the Colorado Unfair Claims – Deceptive Practices Act, was willful, wanton and in reckless disregard of West Coast's duties to Telluride Properties, LLC and to the general public under Colorado law.

### THIRD CLAIM FOR RELIEF
### (The Colorado Consumer Protection Act)

19.  Telluride Properties, LLC incorporates herein by reference the allegations set forth in Paragraphs 1-18 above.

20.  West Coast, as an insurance company engaged in the business of marketing, underwriting, selling, and claims administering of life insurance policies in the State of Colorado, is subject to the Colorado Consumer Protection Act ("CCPA"), C.R.S. § 6-1-101 *et seq.*, which expressly prohibits deceptive or unfair trade practices in the business of insurance.

21.  West Coast is liable to Telluride Properties, LLC for deceptive and unfair business practices in connection with the underwriting, sale and claims administration of the subject Life Insurance Policy.

22.  West Coast's deceptive insurance practices include, but are not limited to, the intentional utilization of an inherently ambiguous, subjective, and open-ended question on the application as follows:

HAS PROPOSED INSURED:

5.  Engaged in auto, motorcycle or boat racing, parachuting, skin or scuba diving, skydiving, or hang gliding or *other hazardous avocation or hobby*?  (emphasis supplied)

23.  The above stated question on the West Coast application for life insurance is specifically designed to entice potential insureds, and to allow West Coast to attempt to repudiate policies when a proposed insured answers said question "no" based upon his/her knowledge and belief.

24.  The above stated question on the West Coast application for life insurance further is designed to allow West Coast to engage in post claim underwriting and repudiation of the Life Insurance Policy alleging that the deceased insured's answer based upon the insured's "knowledge and belief" constitutes a fraudulent misrepresentation.

25.  West Coast's underwriting, sales and claims administration practices, constitute financial services and have a significant public impact in violation of the CCPA.

26.  West Coast is liable to Telluride Properties, LLC, for deceptive or unfair trade practices in the business of insurance and is liable for treble damages, attorneys' fees, and other remedies pursuant to the provisions of the CCPA.

WHEREFORE, Telluride Properties, LLC, a Colorado limited liability company, demands judgment against West Coast Life Insurance Company for compensatory damages, exemplary damages, treble damages, attorneys' fees, and such other damages to be determined at the time of trial, costs, prejudgment interest, post judgment interest, and such other and further relief the Court deems just and proper.

## JURY DEMAND

**Telluride Properties, LLC requests a trial to a jury of six on all issues.**

Respectfully submitted this 11th day of October, 2005.

By:     s/ Richard D. Greengard
        Richard D. Greengard
        Kara Veitch
        ISAACSON ROSENBAUM P.C.
        633 17th Street, Suite 2200
        Denver, Colorado 80202
        Telephone: (303) 292-5656
        Facsimile: (303) 292-3152
        Email:  rgreengard@ir-law.com;
                kveitch@ir-law.com
**ATTORNEYS FOR DEFENDANTS**

1152467_1.doc

## CERTIFICATE OF SERVICE

I hereby certify that on the 11th day of October, 2005, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

ljohnston@hollandhart.com
jramirez@hollandhart.com

s/ Richard D. Greengard
Richard D. Greengard
Attorney for Defendants
ISAACSON ROSENBAUM P.C.
633 17th Street, Suite 2200
Denver, Colorado 80202
Telephone: (303) 292-5656
Facsimile: (303) 292-3152
Email:  rgreengard@ir-law.com

1152467_1.doc                                      7