IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-CV-1765-EWN-BNB

WEST COAST LIFE INSURANCE COMPANY, a Nebraska corporation,

       Plaintiff,

vs.

MARTHA HOAR, as the personal representative of THE ESTATE OF STEPHEN M.
    BUTTS,
TELLURIDE PROPERTIES, LLC, a Colorado limited liability company,
TELLURIDE PROPERTIES, INC., a Colorado corporation,
ALBERT D. ROER, an individual, and
POLLY LYCHEE, an individual,

       Defendants.

## STIPULATED PROTECTIVE ORDER

During the course of the above captioned lawsuit ("**Lawsuit**"), the parties or non-parties may be required to produce information that the person from whom the information is sought considers to be a trade secret or other confidential research, development, or commercial information within the meaning of Fed. R. Civ. P. 26(c)(7). In order to expedite the flow of discovery material and facilitate prompt resolution of disputes over confidentiality, the parties have submitted this Stipulated Protective Order. Accordingly, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and by agreement of undersigned counsel, it is

ORDERED that:

1. Whenever any party or third party in this case (the "**Producing Person**") is called upon to produce or make available to any other party (the "**Receiving Party**") information or material, whether oral, written, or demonstrative, including any documents, interrogatory answers, admissions, things, deposition testimony or other information, the **Producing Person** or any party may designate that information, whether in the form of documents, interrogatory answers, admissions, things, deposition transcripts, or otherwise, as **"Confidential"** or "**Highly Confidential – Trial Counsel Only**." All tangible items designated **"Confidential"** or "**Highly Confidential – Trial Counsel Only**" shall be conspicuously stamped or written upon each page or separate item by the **Producing Person** as **"Confidential"** or "**Highly Confidential – Trial Counsel Only**." Electronic information may be designated by either conspicuous stamping on the medium holding the information (e.g., the CD), or by express written notice to the **Receiving Party**.

2. "**Confidential**" information is information which a **Producing Person** or any party reasonably and in good faith regards as trade secret or other confidential or proprietary research, development or commercial information within the meaning of Fed. R. Civ. P. 26(c)(7) and applicable law. "**Highly Confidential – Trial Counsel Only**" information includes but is not limited to confidential underwriting materials consisting of manuals, forms, endorsements or memorandums reflecting the analysis, rating, pricing and/or other evaluation of life insurance risks. An entire document or item may be designated as **"Confidential"** or "**Highly Confidential – Trial Counsel**

-3-

**Only**" if any part of it contains **"Confidential"** or "**Highly Confidential – Trial Counsel Only**" information, unless the **Producing Person** elects to designate only portions of the document or material.  **"Confidential"** and/or "**Highly Confidential – Trial Counsel Only**" information shall not be used or disclosed for any purpose except the preparation and trial of this case.

     3.  **"Confidential"** documents, materials, and/or information shall not, without consent of the **Producing Person** or further Order of the Court, be disclosed *except that* such information may be disclosed to:

(a) attorneys actively working on this case;

(b) persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation of trial, at trial, or at other proceedings in this case;

(c) the parties;

(d) expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case;

(e) the Court and its employees ("Court Personnel");

(f) stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;

(g) deponents, witnesses, or potential witnesses, if it is clear from the face of the document that the deponent, witness or potential witness authored or received the document; and

(h) other persons by written agreement of the parties.

1. "**Highly Confidential – Trial Counsel Only**" documents, materials, and/or information shall not, without consent of the **Producing Person** or further Order of the Court, be disclosed *except that* such information may be disclosed to persons identified in subsections (a), (b), (d), (e), (f), (g), and (h) of Paragraph 3 above.
2. Prior to disclosing any **"Confidential"** or **"Highly Confidential – Trial Counsel Only**" information to any person listed above (other than counsel, persons employed by counsel, Court personnel and stenographic reporters), counsel shall provide such person with a copy of this Protective Order and obtain from such person a written acknowledgment in the form appended hereto as *Exhibit A* stating that he or she has read this Protective Order and agrees to be bound by its provisions. All such acknowledgements shall be retained by counsel and shall be subject to *in camera* review by the Court if good cause for review is demonstrated by opposing counsel.

3. Whenever a deposition involves the disclosure of **"Confidential"** and/or "**Highly Confidential – Trial Counsel Only**" information, the deposition or portions thereof shall be designated as **"Confidential"** and/or "**Highly Confidential – Trial Counsel Only**" information and shall be subject to the provisions of this Protective Order. Such designations shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as **"Confidential"** and/or "**Highly Confidential – Trial Counsel Only**" after transcription, provided written notice of the designation is promptly given to all counsel of record within (30) days after notice by the court reporter of the completion of the transcript.

4. When filing any documents that contain information that has been designated "**Confidential**" or "**Highly Confidential – Trial Counsel Only**", such documents shall be filed and served separately and in accordance with D.C.COLO.LCivR. 7.2 and 7.3 ("Local Rules"), the Electronic Case Filing ("ECF") Procedures, and the ECF User Manual for the United States District Court for the District of Colorado so that such documents are sealed from public view. All such materials so filed shall be released from confidential treatment only upon further order of the Court. Service of such "**Confidential**" or "**Highly Confidential – Trial Counsel Only**" information on all counsel for the named parties shall be in accordance with such Local Rules and EFC procedures, and be accompanied by a cover page or similar designation as provided under the Local Rules. All other documents not designated as "**Confidential**" or "**Highly Confidential – Trial Counsel Only**" shall be filed separately in accordance with such Local Rules and ECF procedures so that they are otherwise made publicly available.

5. A party may object to the designation of particular **"Confidential"** and/or "**Highly Confidential – Trial Counsel Only**" information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as **"Confidential"** and/or "**Highly Confidential – Trial Counsel Only**" to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as **"Confidential"** and/or "**Highly Confidential – Trial Counsel Only**" under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as **"Confidential"** and/or "**Highly Confidential – Trial Counsel Only**" and shall not thereafter be treated as **"Confidential"** or "Highly Confidential – Trial Counsel Only" in accordance with this Protective Order. In connection with a motion filed under this provision, the party designating the information as **"Confidential"** or "**Highly Confidential – Trial Counsel Only**" shall bear the burden of establishing that good cause exists for the disputed information to be treated as **"Confidential"** or "**Highly Confidential – Trial Counsel Only**."

6. At the conclusion of this case, unless other arrangements are agreed upon, each document and all copies thereof which have been designated as **"Confidential"** or **"Highly Confidential – Trial Counsel Only"** shall be returned to the party that designated it **"Confidential"** and/or "Highly Confidential – Trial Counsel Only" or the parties may elect to destroy **"Confidential"** and **"Highly Confidential – Trial Counsel Only"** documents. Where the parties agree to destroy **"Confidential"** and "**Highly Confidential – Trial Counsel Only**" documents, the destroying party shall provide all parties with an affidavit confirming the destruction.
7. This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

DATED: November 22, 2005.

BY THE COURT:

   /s/ Boyd N. Boland
United States Magistrate Judge

-7-

STIPULATED TO AND APPROVED:

| | |
|---|---|
| s/Lee F. Johnston<br>Lee F. Johnston<br>HOLLAND & HART LLP<br>555 17th Street, Suite 3200<br>Denver, Colorado  80202<br>Telephone:  (303) 295-8000<br>Facsimile:  (303) 295-8261<br>email:  ljohnston@hollandhart.com<br>**D.C. Box 06**<br><br>Jose A. Ramirez<br>HOLLAND & HART LLP<br>8390 E. Crescent Parkway, Suite 400<br>Greenwood Village, Colorado  80111<br>Tel. (303) 290-1605<br>Fax (303) 383-5643<br>email:  jramirez@hollandhart.com<br><br>**ATTORNEYS FOR PLAINTIFF** | s/Richard D. Greengard_____<br>Richard D. Greengard<br>Kara Veitch<br>ISAACSON ROSENBAUM, P.C.<br>633 17th Street, Suite 2200<br>Denver, Colorado  80202<br>Telephone:  (303) 256-3940<br>Facsimile:  (303) 292-3152<br>email:  rgreengard@ir-law.com<br>            kveitch@ir-law.com<br><br>**ATTORNEYS FOR DEFENDANTS** |

**UNDERTAKING**
**Exhibit A to Stipulated Protective Order Relating to Discovery**

STATE OF _____    )
                                    ) ss.
COUNTY OF _____      )

    I, _____, being first duly sworn, state that:

    1.    My address is _____ _____.

    2.    My present employer is _____ and the address of my employer is _____ _____.

    3.    My present occupation or job description is _____ _____.

    4.    I have received a copy of the Stipulated Protective Order in case of *West Coast Life Ins. Co. vs. Hoar, et al.;* Civil Action No. 05-CV-1765-EWN-BNB in the United States District Court for the District of Colorado.

    5.    I understand that I can be held in contempt of court for violating the terms of the Stipulated Protective Order and I submit to the jurisdiction of this Court for purposes of enforcement of the Stipulated Protective Order.

    6.    I have carefully read and understand the provisions of the Stipulated Protective Order, and I will comply with all of its provisions.

                                        _____

    Subscribed and sworn to before me this _____ day of _____, 20___.

                                        _____
                                        Notary Public, _____ County