## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-01765-EWN-BNB

WEST COAST LIFE INSURANCE COMPANY, a Nebraska corporation,

Plaintiff,

vs.

MARTHA HOAR, as the personal representative of THE ESTATE OF STEPHEN M.
BUTTS,
TELLURIDE PROPERTIES, LLC, a Colorado limited liability company,
TELLURIDE PROPERTIES, INC., a Colorado corporation,
ALBERT D. ROER, an individual, and
POLLY LYCHEE, an individual,

Defendants.

---

# PLAINTIFF'S RESPONSES TO DEFENDANTS' SECOND SET OF INTERROGATORIES, REQUESTS FOR PRODUCTION AND REQUESTS FOR ADMISSION

---

Plaintiff West Coast Life Insurance Company ("West Coast"), by and through its

attorneys Holland & Hart LLP, hereby responds to Defendants' Second Set of

Interrogatories, Requests for Production and Requests for Admission (collectively, the

"Discovery Requests") as follows:

## INTRODUCTION

Discovery and investigation are ongoing in this action. The following responses

are based upon Plaintiff's present knowledge with regard to information responsive to

Defendants' Second Set of Interrogatories, Requests For Production, and Requests For

Admission. The following responses are given without prejudice to Plaintiff's rights to

1


DEFENDANT'S
EXHIBIT
A-19
05-cv-1765

produce at a subsequent time, including time of trial, all subsequently discovered evidence and documents relating to the proof of presently known facts and subsequently discovered facts. The information set forth below is true and correct to the best of Plaintiff's knowledge at this time, but is subject to correction for inadvertent errors or omissions, if any errors or omissions are later found to exist. The right to supplement, modify, or correct these responses prior to and at trial on the basis of additional discovery and development of facts is expressly reserved.

## GENERAL OBJECTIONS

1. Plaintiff has based the following responses on the assumption that in propounding these Discovery Requests, Defendants did not intend to seek information protected by the attorney-client privilege, the attorney work-product doctrine, or the constitutionally protected right of privacy. To the extent that these Discovery Requests, or any parts thereof, are intended to or purport to elicit such information, Plaintiff objects thereto and asserts such privileges to the fullest extent provided by law.

2. Plaintiff reserves all rights to object as to the competency, relevancy, materiality, admissibility or use of any of these responses and information and/or documents provided herewith, or the subject matter related thereto in any subsequent proceeding, including the trial of this or any other action.

3. Plaintiff asserts that its discovery and investigation of the facts of this case are ongoing and that it reserves the right to supplement these responses if and when additional facts or documents responsive to these Discovery Requests are identified.

-2-

4.      These objections are applicable to each and every one of the following responses, and the failure to repeat one of these objections in response to a specific Discovery Request shall not be deemed a waiver of such objections.  Moreover, when Plaintiff specifically repeats one or more of these objections it will not be deemed a waiver of the other general objections.

5.      Plaintiff objects to the extent that the discovery requests are overbroad, ambiguous, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

## RESPONSES TO INTERROGATORIES

**INTERROGATORY NO. 1:**  Please identify the last known address and telephone number for Mark Youngquist and his relationship to you.

**RESPONSE:**      As indicated in West Coast's Supplemental Rule 26(a)(1) Disclosures (served February 14, 2006) and at his April 21, 2006 deposition, Mr. Youngquist is employed by West Coast as a senior underwriter.  His office address is West Coast Life Insurance Company, 9140 West Dodge Road, Suite 400, Omaha, NE 68114, his work telephone number is (402) 827-5660.

**INTERROGATORY NO. 2:**  Please provide the following information concerning the original CD, from which a copy was produced to Defendants on March 21, 2006 in Birmingham, Alabama: who made the CD; when was the CD made; who received a copy of the CD; why was the CD made; and whether or not the CD contains the entire claims and underwriting files that were considered by the Claims Committee on or about July 26, 2005.

-3-

RESPONSE:     Ms. Susan Heatherly created the CD on or about March 16, 2005, and sent it on or about that date to Ms. Laura Ewald at Scottish Re, the company which reinsured the Butts Policy, in accordance with West Coast's contractual obligations with Scottish Re. The CD contained the underwriting and claims file as it existed as of March 16, 2006 or thereabouts. The CD did not include claims file materials which post-dated March 16th; *i.e.*, the Claims Committee considered additional information which West Coast received after March 16th in connection with its meeting on or about July 26, 2005. These materials have been previously produced to defendants.

### INTERROGATORY NO. 3:

RESPONSE:     Defendants did not include an Interrogatory No. 3.

**INTERROGATORY NO. 4:**   Identify the members of the Claims Committee who decided to deny the claim made on the Policy.

RESPONSE:     The Claims Committee who considered and reviewed the Butts claim consisted Arthur Tyson, Gary Carroll, Bridget Rucks, and Tracey DeFoor.

**INTERROGATORY NO. 5:** Identify the number of times, by date, you have used First Financial Underwriting Services, Inc.

RESPONSE:     West Coast objects to Interrogatory No. 5 as being overbroad, vague as to time, unduly burdensome, and beyond the scope of permissible discovery under Rule 26.

**INTERROGATORY NO. 6:** For each Request for Admission not unequivocally admitted, please identify all facts and documents which form the basis for your denial.

-4-

**RESPONSE:** ·        With respect to Request for Admission Nos. 2 and 3, *see*
West Coast's Response to Interrogatory No. 2 above.

<u>REQUESTS FOR ADMISSION</u>

**REQUEST FOR ADMISSION NO. 1:**  Admit that West Coast Life Insurance
Company received First Financial Underwriting Services, Inc.'s Life Inspection – 5
years (Exhibit A) before the Policy was issued.

**RESPONSE:**        West Coast admits that it received Exhibit A before Mr.
Butts' policy was issued..

**REQUEST FOR ADMISSION NO. 2:**  Admit that the original or a copy of the
CD, from which a copy was produced to Defendants on March 21, 2006 in Birmingham,
Alabama, was given to the Claims Committee on or before July 26, 2005.

**RESPONSE:**        West Coast admits that the records contained within the CD
were part of the material the Claims Committee considered and reviewed on July 26,
2005.  West Coast denies the remaining allegations of this Request.  *See* West Coast's
Response to Interrogatory No. 2 above.

**REQUEST FOR ADMISSION NO. 3:**  Admit that the original or a copy of the
CD, from which a copy was produced to Defendants on March 21, 2006 in Birmingham,
Alabama, was given to at least one member of the Claims Committee on or before
July 26, 2005.

**RESPONSE:**        *See* Response to Request for Admission No. 2 above.

-5-

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:** Please produce your entire claim manual.

**RESPONSE:**    West Coast does not maintain a claim manual. West Coast has previously produced a document entitled "Life Claims Narrative" (WCL 01757-59) which generally describes the life claims process.

**REQUEST FOR PRODUCTION NO. 2:** Please produce all documents in the claims file created on or after March 10, 2005.

**RESPONSE:**    West Coast believes that all non-privileged, responsive claims documents have been previously produced. To the extent additional materials exist and can be reasonably located, they will be produced.

**REQUEST FOR PRODUCTION NO. 3:** Please produce the International Claim Specialist Report, with attachments, dated April 29, 2005, that was in your claims file for the Policy.

**RESPONSE:**    The requested Report, with attachments, has been previously produced by West Coast.

**REQUEST FOR PRODUCTION NO. 4:** Please produce the International Claim Specialist Report, with attachments, dated April 14, 2005, that was in your claims file for the Policy.

**RESPONSE:**    The requested Report has been previously produced by West Coast; the Report did not have any attachments.

**REQUEST FOR PRODUCTION NO. 5:**  Please produce the International

Claim specialist Report, with attachments, dated May 6, 2005, that was in your claims

file for the Policy.

**RESPONSE:**        The requested Report has been previously produced by West

Coast; the Report did not have any attachments.

Dated this 28th day of April, 2006.

AS TO OBJECTIONS:

Respectfully submitted,

Lee F. Johnston
Jose A. Ramirez

HOLLAND & HART LLP
555 Seventeenth Street, Suite 3200
Denver, Colorado  80202
Telephone: (303) 295-8000
Fax: (303) 295-8261
ljohnston@hollandhart.com

HOLLAND & HART LLP
8390 E. Crescent Parkway, Suite 400
Greenwood Village, Colorado  80111
Telephone: (303) 290-1600
Fax (303) 383-5643.
jramirez@hollandhart.com

**ATTORNEYS FOR PLAINTIFF WEST
COAST LIFE INSURANCE COMPANY**

## VERIFICATION

I, Gary Carroll, of lawful age, being first duly sworn upon oath, state as follows:

I am the Chairman of the Contestable Claims Committee for West Coast Life Insurance Company. The foregoing, Plaintiff's Responses to Defendants' Second Set of Interrogatories, Requests for Production and Requests for Admission, are true and correct to the best of my knowledge.

_____
Gary Carroll

STATE OF ALABAMA          )
                                ) ss.
COUNTY OF JEFFERSON     )

Subscribed and sworn to before me this ___ day of _____ 2006, by Gary Carroll, Chairman of the Contestable Claims Committee for West Coast Life Insurance Company.

Witness my hand and official seal.

_____
Notary Public

My commission expires:   _____

-8-

## CERTIFICATE OF SERVICE

I hereby certify that on April 28, 2006, I served a copy of the foregoing document, PLAINTIFF'S RESPONSES TO DEFENDANTS' SECOND SET OF INTERROGATORIES, REQUESTS FOR PRODUCTION AND REQUESTS FOR ADMISSION, via United States mail, postage prepaid, to the following:

Stuart Pack, Esq.
Kara Veitch, Esq.
Issacson Rosenbaum P.C.
633 Seventeenth St., Suite 2200
Denver, CO 80202

_____
Lela Stewart

3543952_3.DOC