IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Edward W. Nottingham**

Civil Action No. 05–cv–01765–EWN–BNB

WEST COAST LIFE INSURANCE COMPANY,
a Nebraska corporation,

    Plaintiff,

v.

MARTHA HOAR, as the personal representative
of THE ESTATE OF STEPHEN M. BUTTS,
TELLURIDE PROPERTIES, LLC, a Colorado
limited liability company,
TELLURIDE PROPERTIES, INC., a Colorado
corporation,
ALBERT D. ROER, an individual, and
POLLY LYCHEE, an individual,

    Defendants.

---

## ORDER AND MEMORANDUM OF DECISION

---

    This matter is before the court on "Plaintiff's Motion for Review of Taxable Costs," filed March 9, 2007. On January 25, 2007, I issued an order and memorandum of decision granting Plaintiff's motion for summary judgment. (Order and Mem. of Decision [filed Jan. 25, 2007] [hereinafter "Order"].) On February 2, 2007, Plaintiff submitted a bill of costs, requesting $64,053.39 in costs. (Bill of Costs [filed Feb. 7, 2007].) On March 2, 2007, the clerk of this court entered an award of costs in the amount of $13,956.66. (Award of Costs [filed Mar. 2, 2007].)

On March 9, 2007, Plaintiff filed a motion for review of the clerk's taxation of costs. (Pl.'s Mot. for Review of Taxable Costs [filed Mar. 9, 2007] [hereinafter "Pl.'s Br."].) Plaintiff objects to the clerk's denial of $11,842.99 in costs relating to: (1) deposition transcripts; (2) copies of summary judgment pleadings; and (3) attorney travel. (*Id.*) On March 19, 2007, Defendants filed a response to Plaintiff's motion. (Defs.' Resp. to Mot. for Review of Taxable Costs [filed Mar. 19, 2007] [hereinafter "Defs.' Resp."].) On April 3, 2007, Plaintiff filed a reply in support of its motion. (Pl.'s Reply in Supp. of Mot. for Review of Taxable Costs [filed Apr. 3, 2007] [hereinafter "Pl.'s Reply"].)

Rule 54(d)(1) provides that "costs — other than attorney's fees — should be allowed to the prevailing party. . . . The clerk may tax costs on [one] day's notice. On motion served within the next [five] days, the court may review the clerk's action." Fed. R. Civ. P. 54(d)(1) (2008). The party seeking costs bears the burden of establishing "the amount of compensable costs and expenses to which it is entitled and assumes the risk of failing to meet that burden." *Allison v. Bank One-Denver*, 289 F.3d 1223, 1248–49 (10th Cir. 2002). Once the clerk has made his decision regarding the taxation of costs, "'the party objecting to the clerk's taxation has the burden of persuading the court that it was improper.'" *BDT Prods., Inc. v. Lexmark Int'l, Inc.*, 405 F.3d 415, 420 (6th Cir. 2005) (quoting 10 C.A. WRIGHT, *ET AL.*, FEDERAL PRACTICE AND PROCEDURE: CIVIL 3d § 2679 [1998]). The costs that the clerk may tax include:

(1) Fees of the clerk and marshal;
(2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and copies of papers necessarily obtained for use in the case;
(5) Docket fees under section 1923; and
(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920(1)–(6) (2006). Additionally, 28 U.S.C. § 1821 provides that normal travel expenses of witnesses "shall be taxable as costs pursuant to section 1920 of this title." *Id.* § 1821(c)(4). I now turn to Plaintiff's arguments.

### *1. Deposition Costs — $1,990.29*

Citing to section 1920(2), Plaintiff contends it is entitled to fees for the stenographic transcripts of the depositions of three witnesses — Arthur Tyson, Stan Gale, and John Fish — because such transcripts were "necessarily obtained" for use in the case. (Pl.'s Br. at 2–3.) Defendants contend that such costs are not recoverable because Plaintiff took the depositions "simply for discovery purposes" and failed to use the depositions in its summary judgment briefs. (Defs.' Resp. at 2–3.)

The mere fact that a transcript was not used on summary judgment does not mean that it was not "necessarily obtained." *See Merrick v. N. Nat. Gas Co.*, 911 F.2d 426, 434 (10th Cir. 1990); *accord Mitchell v. City of Moor, Okla.*, 218 F.3d 1190, 1205 (10th Cir. 2000). Rather, the test is "whether an incurred cost was reasonably necessary . . . 'in light of facts known to the parties at the time the expenses were incurred.'" *Mitchell*, 218 F.3d at 1204 (quoting *Callicrate v. Farmland Indus., Inc.*, 139 F.3d 1336, 1340 [10th Cir. 1998]).

Plaintiff argues that Defendants set Mr. Tyson's deposition, "so they cannot be heard to argue that the deposition[] w[as] not reasonably necessary to the case." (Pl.'s Br. at 3.) Plaintiff further asserts that Mr. Tyson is an employee of Plaintiff who sat on the claims committee that denied the insurance claim that was the sole basis of this case. (*Id.*) Defendants do not dispute Plaintiff's assertions. (*See* Def.'s Resp.) Given this, I cannot conceive of any reason why the transcript would not have been perceived as reasonably necessary at the time it was obtained.

With respect to Mr. Gale, Plaintiff asserts not only that Defendants set his deposition but, further, that it disclosed to Defendants that it anticipated calling him as a witness at trial. (*See* Pl.'s Reply, Ex. A [Pl.'s 26(a)(2) Disclosure].) Additionally, Mr. Gale's opinions *were* part of the evidentiary record presented to the court on summary judgment. (*See* Pl. West Coast Life Ins. Co.'s Opening Br. in Supp. of its Mot. for Summ. J. at 14–15 [filed June 26, 2006].) Moreover, this court relied on undisputed aspects of Mr. Gale's opinions in its decision granting summary judgment in favor of Plaintiff. (Order at 11, 21.) As such, there can be no doubt that Mr. Gale's deposition transcript was "necessarily obtained" for use in the case.

Finally, Plaintiff furnishes proof that Mr. Fish provided Defendants with an affidavit alleging facts directly relevant to the key issues on summary judgment.[1] (Pl.'s Reply at 3–4, Ex. C [Fish Aff.].) This affidavit is dated October 2005, and Mr. Fish was deposed in May 2006.

---

[1] On summary judgment, this court determined, *inter alia*, that "no reasonable insurance purchaser would view backcountry helicopter skiing" as anything but a "hazardous avocation or hobby." (*See* Order at 20.) In his affidavit, Mr. Fish asserted, *inter alia*, that: (1) he had twenty years experience in insurance sales; (2) he was an experienced "heli skier;" and (3) "based on [his] experience, knowledge, and belief, heli skiing is not a 'hazardous avocation or hobby.'" (Pl.'s Reply, Ex. C [Fish Aff.].)

(*Id.*, Ex. C [Fish Aff.], Ex. D at 8 [Counsel's Client Expense Report].) Given these facts, I find the cost of transcription was "reasonably necessary . . . in light of facts known to the parties at the time the expenses were incurred." *Mitchell*, 218 F.3d at 1204.

## 2.  *Copying Costs — $194.10*

Citing to section 1920(3), Plaintiff contends that it is entitled to the costs of two sets of copies of the summary judgment pleadings, one copy for Plaintiff and another for Plaintiff's counsel. (Pl.'s Br. at 3–4.) Plaintiff cites no authority in support of its contention that such copies fall within the ambit of section 1920(3). (*See id.*; *see also* Pl.'s Reply.) Absent a citation to authority interpreting section 1920(3)'s terse language, I cannot find that Plaintiff has satisfied its "burden of persuading the court that [denial] was improper." *BDT Prods., Inc.*, 405 F.3d at 420.

## 3.  *Attorney Travel Expenses — $9,658.60*

Citing to 28 U.S.C. § 1821(c)(4), which authorizes awarding costs for travel-related expenses incurred by deposition *witnesses* "pursuant to" 28 U.S.C. § 1920, Plaintiff argues that it should have been awarded *attorney* travel expenses because "the parties specifically agreed that it would be more cost effective to have the attorneys travel to [the] locations [of certain] witnesses." (Pl.'s Br. at 5.) Plaintiff does not provide any evidence of such an agreement and, indeed, admits that no such agreement was ever memorialized. (Pl.'s Reply at 7.) Nevertheless, Plaintiff baldly asserts that this court "has discretion to tax [Plaintiff's attorneys'] travel costs." (*Id.*) Both the Supreme Court and the Tenth Circuit disagree. *See Bee v. Greaves*, 910 F.2d 686, 690 (10th Cir. 1990) (observing that the Supreme Court has determined that a district court has

no discretion to award items as costs that are not set out in section 1920 and, thus, holding that counsel's accommodation and travel expenses were not recoverable as costs under section 1920); *see also Sorbo v. UPS*, 432 F.3d 1169, 1179–80 (10th Cir. 2005) (discussing a court's limited power to award costs under Rule 54 and section 1920).

Based on the foregoing it is therefore ORDERED that:

1. PLAINTIFF's motion (#75) is GRANTED in part and DENIED in part.
2. Plaintiff's motion is granted with respect to: (1) the transcription fees of the Tyson deposition, totaling $394.59; (2) the transcription fees of the Gale deposition, totaling $717.10; and (3) the transcription fees of the Fish deposition, totaling $878.60. Thus, Plaintiff is entitled to the additional taxation of $1,990.29 in costs against Defendants.
3. Plaintiff's motion is denied in all other respects.

Dated this 21st day of February, 2008

BY THE COURT:

s/ Edward W. Nottingham
EDWARD W. NOTTINGHAM
Chief United States District Judge